[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 276.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. DREHER.

[Cite as *Cuyahoga Cty. Bar Assn. v. Dreher*, 2000-Ohio-338.]

*Attorneys at law—Misconduct—One-year suspension stayed—Violating a Disciplinary Rule—Engaging in conduct adversely reflecting on ability to practice law—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Failing to withdraw from employment when continued employment will violate a Disciplinary Rule—Neglecting an entrusted legal matter—Failing to carry out contract of employment for professional services—Failing to promptly pay or deliver to client property or funds to which client is entitled.*

(No. 99-1896—Submitted December 15, 1999—Decided March 22, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-97.

_____

{¶ 1} On December 7, 1998, relator, Cuyahoga County Bar Association, filed a complaint charging respondent, Joseph M. Dreher of Chagrin Falls, Ohio, Attorney Registration No. 0016616, with violating several Disciplinary Rules. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that in October 1996, Judy Murphy, executor of the estate of her father, Leroy W. Clayton, hired respondent and paid him a retainer of $5,000 to complete the probate of the estate. The following month respondent informed Murphy of the progress in the probate action and estimated closing the estate in the spring of 1997.

**{¶ 3}** In April 1997, the Supreme Court of Ohio suspended respondent from the practice of law for failure to meet his continuing legal education requirements for the 1994-1995 biennium. *In re Report of the Comm. on Continuing Legal Edn.* (1997), 78 Ohio St.3d 1478, 1480, 678 N.E.2d 942, 944. He did not inform Murphy of his suspension.

**{¶ 4}** In June and July 1997, respondent received papers from Murphy relating to a relative who wished to purchase property from the estate. Respondent then prepared a purchase agreement and told Murphy, who was concerned about the apparent inactivity in the estate, that he would obtain an extension of time to permit the sale.

**{¶ 5}** In September 1997, Murphy received a citation letter from the probate court for failing to file an inventory. Respondent assured her that he would take care of everything within one week. Murphy called the probate court in October 1997 and found that respondent was not listed as attorney of record and had filed no documents in the case, which had been opened by another attorney prior to respondent's involvement.

**{¶ 6}** In November 1997, after being advised by the probate court that a warrant had been issued for her arrest for not meeting her obligations as executor of the estate, Murphy discharged respondent, asked for a return of the retainer, and hired new counsel, who completed probate of the estate in July 1998. In February 1999, respondent repaid the $5,000 to Murphy and an additional $1,000 to reimburse the estate for the interest expense increase because of the late filing of the state tax return.

**{¶ 7}** The panel concluded that respondent's conduct violated DR 1-102(A)(1) (violating a Disciplinary Rule), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects upon the attorney's ability to practice law), 2-110(B)(2) (failing to withdraw from employment when continued employment will

violate a Disciplinary Rule), 6-101(A)(3) (neglecting a legal matter), 7-101(A)(2) (failing to carry out a contract of employment for professional services), and 9-102(B)(4) (failing to promptly pay and deliver to the client property or funds to which the client is entitled).

{¶ 8} In mitigation the panel found that in 1995, shortly after respondent was divorced, he left his employment as a C.P.A. at Ernst & Young to live on the East Coast, take care of his sister who had developed brain cancer, and care for her children. Respondent became insolvent and suffered depression for which he has received treatment and counseling. Respondent is now employed and has paid back the $5,000 retainer and the interest expense incurred by the estate because of his delay. He is presently taking CLE courses to reinstate himself as a member of the bar.

{¶ 9} The panel recommended that respondent be suspended from the practice of law for one year with the entire one-year suspension stayed, during which time respondent be placed on probation. The terms of probation would include an evaluation by a mental health professional approved by the relator whose report will be available to the relator. Also, respondent would accept any treatment or counseling recommended as a result of the evaluation.

{¶ 10} The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Thomas J. Escovar, Otha M. Jackson* and *Justin F. Madden,* for relator.
*Mary L. Cibella,* for respondent.

_____

***Per Curiam.***

{¶ 11} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for one year with the entire one-year suspension stayed. During this stay, respondent shall be on

probation under terms which include an evaluation by a mental health professional approved by the relator whose report will be available to the relator. Respondent will accept any treatment or counseling recommended as a result of the evaluation. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————